IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA | No. CR-S-96-0190 DFL GGH P |
| Respondent, | |
| vs. | |
| | ORDER |
| JAMES ROY BARRON | |
| Movant. | |

In the above referenced case, the undersigned issued Findings and Recommendations on November 14, 2006 which found in part, that although counsel has a duty to consult with his client regarding the right to testify, counsel has no duty within that advice to relate that the client has the right to overrule counsel's advice not to testify.[1]  No order adopting or rejecting those Findings has been made at this time.

Neither the parties, nor the court cited to <u>Florida v. Nixon</u>, 543 U.S. 175, 125 S.Ct. 551 (Dec. 13, 2004).  Within that case, the Supreme Court stated with respect to the right to

---

[1] In objections, movant appeared to argue that the undersigned found no duty in general to advise the client regarding the right to testify.  If so argued, movant has misperceived the Findings and Recommendations.

1

testify, and several other rights whose ultimate decision regarding those rights is up to the client: "Concerning these decisions, an attorney must both consult with the defendant and obtain consent to the recommended course of action." Id. At 187, 125 S.Ct. At 560.

While the undersigned does not believe that this case requires a counsel to give advice to the client that he may overrule counsel's advice not to testify in order to receive consent, either express or tacit, reasonable minds could differ.  The parties are therefore given five days in which to file supplemental briefs on objections regarding this case.[2]  No brief shall exceed five pages.

The court notes from the docket that this Judge Levi case has not been reassigned as have all other Judge Levi cases due to Judge Levi's resignation.  The Clerk shall reassign this case as appropriate so that a district judge's order may be issued.

IT IS SO ORDERED

DATED: June 29, 2007

/s/_____
GREGORY G. HOLLOWS
UNITED STATES MAGISTRATE JUDGE

---

[2] The undersigned does not understand that Florida v. Nixon could in any way affect the prejudice prong of ineffective assistance of counsel.